258 P.2d 988

**McCARRELL v. LANE.**
**No. 5775.**

Supreme Court of Arizona.
June 29, 1953.

Platt & Greer, of St. Johns, for plaintiff.

Ross F. Jones, Atty. Gen., Charles Crehore, Phoenix, for defendant.

WINDES, Justice.

Original petition by C. A. McCarrell, designated as the plaintiff but herein referred to as petitioner, seeking writ of mandamus to require C. L. Lane, Superintendent of the Motor Vehicle Division, Arizona State Highway Department, herein referred to as respondent, to issue certificates of title for two new automobiles. The factual basis for claiming the right to the writ is that petitioner, a resident of Apache County, Arizona, is the owner of two new automobiles which had not theretofore been registered in any other state; that applications for titles in regular form were submitted to respondent accompanied by the manufacturer's statement of origin certifying that the vehicles had been transferred to A. Ray Barker Motor Company of Albuquerque, New Mexico. One of these statements of origin carries three purported assignments of the statement and transfer of the vehicle described therein, sworn to before a notary public in the state of New Mexico, which are as follows: from A. Ray Barker Motor Company to Auto Trading Post, Santa Fe, New Mexico; from Auto Trading Post to Gallup Willys Com-

pany; and from Gallup Willys Company, Gallup, New Mexico, to petitioner. The other statement of origin carries the following two purported assignments sworn to before a notary public of New Mexico: from A. Ray Barker Motor Company to Gallup Willys Company, and from Gallup Willys Company to the petitioner. It was conceded by counsel in conference and at oral argument that the respondent had investigated and determined that the statements of origin and assignments were genuine and that assignors A. Ray Barker Motor Company, the Auto Trading Post, and Gallup Willys Company were legitimate dealers in the state of New Mexico.

Respondents move to dismiss the petition upon the following grounds: (1) That the vehicles are foreign vehicles as defined in Section 66-401, A.C.A.1939; that before they are entitled to registration they must be inspected by the vehicle division, and that petitioner has not alleged such inspection; (2) that the respondent has adopted a rule which specifically prohibits issuance of titles on the facts herein; and (3), that petitioner has an adequate remedy at law for declaratory judgment as provided by Chapter 97, Second Regular Session, Twentieth Legislature, 1952 Session Laws of Arizona.

█ The contention that the cars are foreign vehicles and must be inspected by the vehicle division has no application for the reason that registration is not sought. There is asked merely the issuance of cer-

tificates of title. Likewise, admittedly the failure of inspection was not the reason for denying the title. There is no merit to this point.

█ We cannot sanction the contention that petitioner has an adequate remedy at law. The long delay of litigation through the trial court and possibly by appeal through this court with the petitioner being deprived of the right to the use of the vehicles would be entirely inadequate.

The respondent under his claim of statutory rule-making power made the following order:

"Whereas, Section 66-205, A.C.A.1939, provides, 'The application for a certificate of title to a *new* vehicle shall be accompanied by a certificate from the manufacturer showing the date of sale to the *dealer* or *person* first receiving same from the manufacturer * * * and shall certify that the vehicle when so sold was a *new* vehicle. If sold through a *dealer,* such *dealer* shall certify that the vehicle when sold to the applicant was new.'

"Now, therefore, to give full effect to the provisions of the above quoted statutes, it is ordered that when an application for an Arizona certificate of title is supported by a manufacturer's certificate of origin, the application shall be handled as follows:

"1. When the manufacturer's certificate shows transfer of the vehicle by the manufacturer to a *person* (Sec. 66-205), the Di-

vision will issue a certificate of title to such *person* named in the manufacturer's certificate.

"2. Manufacturers' certificates, the basis for the title to a new car, will be accepted only when issued to a dealer duly licensed and registered under the laws of Arizona."

■ It is apparent that respondent is of the opinion that the word "dealer" as used in Section 66–205(b), A.C.A.1939 and correctly quoted in the foregoing order, should be interpreted to mean only a dealer duly licensed and registered under the laws of the state of Arizona. This presents the decisive question. It is fundamental that the respondent could not enact a regulation nor make an order that would conflict with the proper interpretation of the statute. It is conceded that respondent's only reason for denying the issuance of the titles is that the dealers who sold to applicant, petitioner herein, were not dealers licensed and registered under the laws of Arizona. If respondent has adopted the correct meaning of the word "dealer", his order is valid and his action in denying the certificates is justified. On the other hand, if he be in error in this respect, the order has no validity and under the facts herein it would be a ministerial duty to issue the certificates of title.

■ We are of the view that the respondent has placed an erroneous interpretation upon the meaning of the word "dealer" as it is used in said Section 66–205.

The source of this section of the 1939 Code is an act of the Thirteenth Legislature. Section 3(a) of this act provides that the application for a certificate of title to a new vehicle shall contain "the date of sale by the *manufacturer* or *dealer* to the person first operating such vehicle". (Emphasis supplied.) Section 3(a), Chapter 67, Session Laws 1937. If we are to limit the word "dealer" as here used to mean only Arizona dealers, we could with equal logic limit the word "manufacturer" to mean only manufacturers within the state of Arizona. Certainly no one would contend for such an interpretation. It might be suggested that since the legislature knew there were no manufacturers in Arizona, it necessarily meant manufacturers outside Arizona, but the counter-suggestion would be equally applicable that the legislature necessarily knew there were numerous dealers outside Arizona and intended that the term be all-inclusive. Knowing this, had it desired a restrictive meaning it no doubt would have so stated. We are here concerned with Section 3(b) of the act and necessarily the word "dealer" as used therein must be given the same meaning in both Section 3(a) and 3(b). We are fortified in this view by the provisions of Section 4(d) of Chapter 67, supra, Section 66–206(d), A.C.A.1939, which so far as applicable states:

"The person owning any motor vehicle, trailer, or semi-trailer may, upon furnishing satisfactory proof to the superintendent of such ownership, pro-

cure a certificate of title to such vehicle, *regardless of whether a certificate of title thereto has previously been issued.* \* \* \*" (Emphasis supplied.)

Considering the entire act, we hold that the legislature did not intend to limit the meaning of the word "dealer" as used, and respondent is not warranted by order or regulation in so doing by adding the words "duly licensed and registered under the laws of the state of Arizona."

■ Respondent urges that he has the discretionary power to grant or deny the issuance of car titles to the extent of requiring that the source thereof pass through an Arizona dealer. We concede that he has discretion in deciding whether the source of title to new cars is genuine when coming from a manufacturer through a dealer or dealers and may require the applicant therefor to submit reasonable and satisfactory proof of the genuineness thereof. His responsibility is to be assured that applicant is the owner, and to this end he may require him to prove the same. When such satisfactory proof is submitted, as is conceded herein, it becomes his ministerial duty to issue the title, whether the source thereof be through an Arizona dealer or a legitimate dealer in another state.

The alternative writ of mandamus is made permanent.

. STANFORD, C. J., and PHELPS, LA PRADE, and UDALL, JJ., concurring.