462 F.2d 601
 Sam SERRITELLA et al., Earl Evans and Clara Evans, Intervenors in D. C.
v.
Irving J. ENGELMAN, Appellant in No. 72-1214 individually
and as Director of the Division of Public Welfare of the
Department of Institutions and Agencies and Stella Cassi,
Director of the Bergen County Welfare Board.
Virginia SIMMONS and Colonel Simmons, her husband,
individually and on behalf of their minor
children, and on behalf of all other
persons similarly situated
v.
Irving J. ENGELMAN, Appellant in No. 72-1215 individually
and as Director of the Division of Public Welfare of the
Department of Institutions and Agencies of the State of New
Jersey, and Philip K. Lazaro, Director of the Essex County
Welfare Board.
Appeal of Philip K. LAZARO,
 No. 72-1349.
 Nos. 72-1214, 72-1215 and 72-1349.
 United States Court of Appeals,
 Third Circuit.
 Argued June 6, 1972.
Decided June 19, 1972.
 
 Daly D. E. Temchine, Deputy Atty. Gen., Div. of Law, Trenton, N. J. and William H. Sheil, Essex County Welfare Board, Newark, N. J., for appellant.
 Richard S. Semel, Bergen County Legal Service, Garfield, N. J., for appellee.
 Before ADAMS, GIBBONS, and MAX ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Plaintiffs in these cases are challenging New Jersey Welfare regulations,[1] which provide that pre-termination fair hearings be held at the county level, as being inconsistent with HEW regulations[2] requiring such hearings at the state level.[3]
 
 
 2
 Under the New Jersey system, a welfare recipient's benefits may be terminated following an adverse adjudication at the county level and before an appeal to the state agency. To justify its scheme, the state contends that the federal regulation is invalid because it is inconsistent with 42 U.S.C. Sec. 602, allowing a "two-tiered" state welfare system,[4] and thus is beyond the rulemaking power granted to HEW by 42 U.S.C. Sec. 1302.
 
 
 3
 The language of Section 1302 invests the Secretary of HEW with broad discretion. See Thorpe v. Housing Authority, 393 U.S. 268, 277, n.28, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Regulations promulgated pursuant to such authority are valid if "reasonably related to the purposes of the enabling legislation * * *." Id. at 280-281, 89 S.Ct. at 525. In Almenares v. Wyman, a case strikingly similar to the present one, the court held that "[i]t was competent for HEW to determine that the objectives of the federally assisted programs could be better attained by a single state hearing prior to the taking of action rather than having such a hearing conducted by a subdivision of the state subject to review in a state hearing after action had been taken." 453 F.2d 1075, 1087-1088 (2d Cir. 1971) cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972).
 
 
 4
 Nothing in Section 205.10 requires a state to assume every function of the county welfare agencies. All that is required is that the state conduct the pre-termination fair hearing. Since Section 602 requires state supervision of county welfare agencies, and because the fair hearing contemplated by the regulation is a form of state supervision, the regulation is not inconsistent with the concept of a "two-tiered" welfare program. Almenares v. Wyman, supra, 453 F.2d at 1087.
 
 
 5
 The judgment of the district court will be affirmed, and the mandate of this Court will become effective thirty days following the entry of judgment.[5]
 
 
 
 [1]
 Manual of Administration of the Division of Public Welfare of the New Jersey Department of Institutions and Agencies, Secs. 2910, 2911
 
 
 [2]
 C.F.R. Sec. 205.10
 
 
 [3]
 The district court held the state procedures invalid, and the state has appealed
 
 
 [4]
 A "two-tiered" system is one in which the counties administer the welfare program subject to the supervision of the state
 
 
 [5]
 The State of New Jersey has requested that if we hold its regulations invalid, it should be granted a period of grace during which it may establish the necessary administrative procedures in order to comply with Section 205.10. See Almenares v. Wyman, supra