Jacob J. Schwabtzwald, J.
Petitioner in this article 78 proceeding seeks to review and annul a determination of respondent Social Services officials which denied her medical assistance.
This proceeding is in the nature of an appeal from a determination by respondent Lavine, the Commissioner of the New York State Department of Social Services, which affirmed, after a fair hearing, the determination of local Social Services officials, denying the requested assistance.
Petitioner was hospitalized Yrom November 10 to November 16, 1971, resulting in a bill amounting to $949.68. Pursuant to section 366 (subd. 2, par. [c]) of the Social Services Law, petitioner would be eligible for medical assistance to the extent that this figure exceeds “ twenty-five per centum of the recipient’s annual net income ”.
Commissioner Lavine made a finding that petitioner’s net income for medical assistance purposes was $4,160. As a result *928 of this finding no assistance was given, since 25% of $4,160 is $1,040, which exceeds the amount of the hospital bill. In reaching the figure of $4,160 the respondents merely projected the salary that petitioner was earning immediately prior to her hospitalization ($80 per week) over a 52-week period.
It is the respondents’ contention that this is a valid method for computing annual income, even though petitioner’s “ actual ” income for 1971 and 1972 was lower than $4,160.-In fact, Commissioner Lavine in his decision states: “ The fact that she had previously earned a lower salary or that she had been ill or unemployed in the past resulting in a lower total income for the year 1971 had no bearing on the correct determination of the appellant’s net prospective annual income.”
Section 366 (subd. 2, par. [c]) of the Social Services Law refers to “ annual net income ”, not “ prospective annual income ”. Net income is defined for purposes of medical assistance in section 360.23 (d) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York as: “ The total income from all sources less income taxes, health insurance premiums and payments pursuant to a court order; and, in addition, in the case of income from a business or the operation of commercial property, net income means total income therefrom, less the expenses incurred for the production of such income.”
It is apparent from the evidence in the record, consisting of petitioner’s income tax returns and withholding statements, that petitioner had an actual adjusted gross income for the year 1971 of $2,607, and that $48 was withheld for Federal income tax, resulting in a net income for medical assistance purposes of $2,559; 25% of this figure is $639.75. Using these amounts petitioner would be entitled to medical assistance in the amount of $309.93 ($949.68 less $639.75).
. It is the opinion of the court that the respondents acted arbitrarily and contrary to the intent of section 366 in using prospective annual income rather than actual annual income in determining petitioner’s eligibility for medical assistance. The provisions of section 366 in question were intended to assist those faced with catastrophic medical expenses. It would seem to be violative of this intent to base eligibility on income which cannot be earned due to the illness which caused the expense. '
Accordingly, the application is granted, the decision appealed from is annulled, and respondents are directed to provide petitioner with medical assistance in the amount of $309.93.