594 P.2d 544

**Hugh FERGUSON, Plaintiff-Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, John L. Huerta, Director, Arizona Department of Economic Security, and the Tanner Companies (United Metro), Defendants-Appellees.**

**No. 2 CA–CIV 3060.**

Court of Appeals of Arizona, Division 2.

March 30, 1979.

---

Wildermuth & Wildermuth by John R. Wildermuth, Coolidge, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by James A. Tucker, Asst. Atty. Gen., Phoenix, for defendant-appellee Arizona Department of Economic Security.

Snell & Wilmer by Peter J. Rathwell, Phoenix, for defendant-appellee The Tanner Companies.

OPINION

HOWARD, Judge.

The issue here is whether an appeal tribunal of the Department of Economic Security was arbitrary and capricious when it found that appellant voluntarily quit his job without good cause.

The tribunal's findings of fact show that on April 28, 1977 appellant told his supervisor that he was looking for other employment. On May 5, 1977, his employer told him that a replacement had been found and his employment would be terminated on May 11. Instead of working until the termination date, on May 6 appellant submitted his resignation. He did not continue working until the discharge date because to do so would have been "demeaning" and "untenable". In his testimony before the tribunal appellant stated that it would have been embarrassing for him to continue working after he had been fired.

The appellate tribunal found that appellant left work in violation of Regulation No. R6–3–50135, Arizona Compilation of Rules and Regulations, and was therefore ineligible for benefits from May 1, 1977 until he becomes re-employed and earns $425. The trial court affirmed.

■ The purpose of the Employment Security Act, A.R.S. Secs. 23–601–799, is to allow compensation for a limited period to those who are capable of working and available for work and are involuntarily unemployed through no fault of their own. *Vickers v. Western Electric Co.,* 86 Ariz. 7, 339. P.2d 1033 (1959); *Beaman v. Safeway Stores,* 78 Ariz. 195, 277 P.2d 1010 (1954); *Sisk v. Arizona Ice & Cold Storage Co.,* 60 Ariz. 496, 141 P.2d 395 (1943).

A.R.S. Sec. 23–775 deals with an employee's disqualification from benefits. It states:

"An individual shall be disqualified for benefits:

1. For the week in which he has left work voluntarily without good cause in connection with his employment, if so found by the department, and in addition to the waiting week, for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable."

Regulation No. R6–3–50135, cited by the appeals tribunal as the basis for its decision, states:

"D. Leaving prior to effective date of discharge (V L 135.25)

1. Generally a worker would leave without good cause in connection with his work if he quits before the effective date of discharge even though he has been told that the duration of his employment is limited.

2. He would leave with good cause connected with the work if:

a. He can show that he would suffer substantial detriment by remaining at work until the date of discharge, or

b. He quits to accept a definite offer of work with another employer."

Appellant contends that the above regulation conflicts with the purpose and intent of the Employment Security Act because it disqualifies him from receiving benefits for the entire statutory period when he would have been entitled to benefits if he had merely remained on the job instead of resigning. We do not agree.

A.R.S. Sec. 23–775(1) makes it clear that if an employee leaves work voluntarily and does so without good cause in connection with his employment, he is disqualified from benefits.

292

Rules of an administrative body are valid if reasonably related to the purposes of the enabling legislation. *Serritella v. Engelman,* 462 F.2d 601 (3rd Cir. 1972). Furthermore a rule or regulation of an administrative agency should not be inconsistent with or contrary to the provisions of a statute, particularly the statute it seeks to effectuate. *McCarrell v. Lane,* 76 Ariz. 67, 258 P.2d 988 (1953). Since A.R.S. Sec. 23–775 requires, in the case of an employee leaving work voluntarily, that such leaving be with good cause in order to entitle the employee to benefits, we do not believe that the rule is unreasonable or inconsistent with the purposes of the Employment Security Act. While it may have been arguably wiser to have a rule which merely would disqualify appellant in a situation such as this from receiving unemployment compensation for the period of time between his resignation and when he would have been discharged, it is clear that A.R.S. Sec. 23–775(1) does not prohibit the department from adopting such a rule. Under the statute there are only two choices. Departure of the employee was either with or without good cause. We cannot fault the department for its decision that there is no good cause for an employee leaving prior to the effective date of discharge unless he can show that he would suffer substantial detriment by remaining at work until the date of discharge or if he quits to accept a definite offer of work with another employer.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.