NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KLP ENTERPRISES, INC., an Arizona corporation,
*Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF REVENUE,
Transaction Privilege and Use Tax Section,
*Defendant/Appellee*.

No. 1 CA-TX 13-0003
FILED 10-16-2014

---

Appeal from the Superior Court in Maricopa County
No.  TX2011-000427
The Honorable Dean M. Fink, Judge

**AFFIRMED**

---

COUNSEL

Jennings Strouss & Salmon, PLC, Phoenix
By Wayne A. Smith, Eric D. Gere, Ryan Womack
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Scot G. Teasdale
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**        KLP Enterprises, Inc. (KLP) appeals a tax court judgment finding it liable to pay the transaction privilege tax (TPT) under Arizona's prime contracting classification. The judgment held KLP liable to the State for $35,981.66 plus interest. Because we find that KLP performed taxable activities as a prime contractor under Arizona Revised Statutes (A.R.S.) section 42-5075 (West 2014),[1] we affirm summary judgment in favor of the Arizona Department of Revenue (the Department) and award the Department its taxable costs.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        KLP is an Arizona corporation licensed with the Arizona Registrar of Contractors. KLP owns and operates earth moving equipment, tractors, disks, laser land levelers, and various other equipment used when contracting with farmers to perform various services including: removing an obsolete orchard, laser leveling fields, excavating dirt, installing and repairing dirt berms,[2] disking fields, rebuilding or reshaping field borders, and removing soil from irrigation ditches. KLP did not charge its customers a tax for providing these services.

**¶3**        The Department audited KLP for the period September 2005 through July 2009 and subsequently assessed a prime contracting TPT on a variety of KLP's services performed during that time period. Determining that KLP acted as a contractor and that the prime TPT classification made taxable KLP's receipts for land clearing, leveling, and building roads and berms, the Department levied the tax under A.R.S. § 42-5075. KLP filed an

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[2]        A berm may be described as "a small hill or wall of dirt or sand." *See* Merriam-Webster's Collegiate Dictionary 115 (11th ed. 2012).

administrative protest and participated in a hearing before the Office of Administrative Hearings in March 2011. The administrative law judge (ALJ) found that the prime contracting tax of A.R.S. § 42-5075 applied to KLP's services and affirmed the tax assessment.

¶4 KLP appealed to the tax court and argued that its "activities [were] not subject to the prime contracting tax set forth in A.R.S. § 42-5075." The tax court granted summary judgment to the Department, and affirmed the taxes, penalties, and interest assessment against KLP in the amount of $35,981.66. The tax court also granted the Department their taxable costs.

¶5 KLP argued both to the ALJ and the tax court that Arizona Administrative Code (A.A.C.) R15-5-606 (A.A.C. R15-5-606 or the regulation), which excludes services from the prime contracting tax when those services directly relate to crop production, exempted its activities from the prime contracting tax. The tax court rejected the argument and reasoned that to the extent A.A.C. R15-5-606(3) conflicts with A.R.S. § 42-5075.J, the statute prevails over the earlier-enacted regulation. Citing § 42-5075.J, the tax court held that several of KLP's activities—grading or leveling ground, felling trees and removing stumps, and building or modifying irrigation berms—were at issue and explicitly fell within the statute's defined "landscaping" activities, which are "taxed accordingly regardless of its purpose." The tax court also held that demolishing a former citrus crop was "not directly related" to the production of crops because there "is no difference between removing an exhausted citrus orchard to plant crops and removing a building to plant crops; that the former once produced fruit does not transform its removal into 'crop rotation.'" The tax court noted that disking was the only service KLP provided that would have warranted exclusion from the tax under A.A.C. R15-5-606, but because KLP's invoice did not specify between the amounts charged for disking and the taxable services, KLP could not claim any exclusions.

¶6 KLP timely appealed the tax court's decision. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 (West 2014) and -2101.A.1 (West 2014).

**DISCUSSION**

¶7 We review de novo the tax court's summary judgment ruling. *Wilderness World, Inc. v. Dep't of Revenue State of Ariz.*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). We also review de novo "the tax court's construction of statutes and findings that combine facts and law." *Ariz. Dep't of Revenue*

*v. Ormond Builders, Inc.*, 216 Ariz. 379, 383, ¶ 15, 166 P.3d 934, 938 (App. 2007).

I.         "Prime Contracting" and "Landscaping Activities"

¶8         "Arizona imposes a [TPT] on a prime contractor's gross income derived from the business of prime contracting." *See Ormond Builders*, 216 Ariz. at 383, ¶ 16, 166 P.3d at 938 (citing A.R.S. §§ 42-5008 (2006), -5010, -5075 (Supp. 2006)) (internal quotation marks omitted).  TPTs are imposed on vendors for the privilege of conducting business in Arizona. *See* H.R. Bill Summary (May 9, 2013), [H.B. 2535, 51st Leg. 1st Reg. Sess. (Ariz. 2013)] "Business activities subject to TPT include but are not limited to prime contracting and retail sales."  *Id.*  On appeal, KLP argues that it did not engage in prime contracting because its activities fall outside the scope of the TPT and therefore the trial court erred in ruling that its services were taxable under A.R.S. § 42-5075 as "prime contracting."  We disagree.

¶9         For the purposes of the statute, "prime contracting" means "engaging in business as a prime contractor."  A.R.S. § 42-5075.P.7.  A "prime contractor" is a contractor "who supervises, performs or coordinates the modification of any . . . road, . . . excavation, . . . or other . . . project, development or improvement . . . and who is responsible for the completion of the contract."  *Id.* § 42-5075.P.8.  "The gross proceeds of sales or gross income derived from landscaping activities are subject to tax under this section."  *Id.* § 42-5075.J.  Landscaping activities include:  "installing lawns, *grading or leveling ground*, installing gravel or boulders, planting trees and other plants, *felling trees*, *removing or mulching tree stumps*, removing other imbedded plants, *building or modifying irrigation berms*, *repairing* sprinkler or *watering systems*, installing railroad ties and installing underground sprinkler or watering systems."  *Id.* (emphasis added).

¶10         From this record, we conclude that many of KLP's services provided on the invoices were, in fact, activities enumerated in the statute. When construing a tax statute, we give words their "plain and ordinary meaning." *Wilderness World, Inc.*, 182 Ariz. at 198, 895 P.2d at 110 (internal quotation marks omitted).  To make a service taxable, the statute neither requires "landscaping activities" for the property's beautification, nor does it exempt such activities when completed for agricultural purposes. Despite KLP's assertion that its activities fell outside the TPT's scope, accepting KLP's proffered interpretation would result in carving out a specific exception for any landscaping activities on farmland that could possibly relate to the production of crops.  We conclude the statute's plain language does not support such an interpretation, and by construing the

statute's words by their plain and ordinary meaning, KLP engaged in the business of a prime contractor when it supervised, performed, and coordinated the modification of its farming customers' roads and excavated their fields. *See* A.R.S. § 42-5075.P.8. Additionally, KLP's services of laser leveling the ground, removing the orchard (felling trees and removing tree stumps), and building or modifying irrigation berms are all taxable as landscaping activities under A.R.S. § 42-5075.J. We agree with the tax court that disking is not taxable under the statute, but because the invoices are not itemized, it is impossible to identify the disking portion of the invoice that would be tax exempt. The tax court, therefore, did not err in characterizing these activities as taxable landscaping activities.

II. Effect of Arizona Administrative Code (A.A.C.) R15-5-606[3]

**¶11** KLP nonetheless asserts that work performed on improved farm land for purposes of agricultural production is exempt from the prime contracting tax. Citing A.A.C. R15-5-606, KLP argues that its services were not taxable because they were performed for the purpose of agricultural production. We disagree with KLP's interpretation of A.A.C. R15-5-606 as the regulation relates to A.R.S. § 42-5075.

---

[3] During the relevant time period, A.A.C. R15-5-606 stated:
R15-5-606. Land Clearing and Well Drilling
. . . .
E. Agricultural production on improved farm lands is not taxable.
1. Agricultural production includes the following activities:
a. Cultivating,
b. Disking,
c. Planting,
d. Plowing,
e. Seeding, and
f. Any other activity that directly relates to the production of crops on improved farm lands.
2. Agricultural production does not include the following activities:
a. Installation or repair of drainage or irrigation delivery systems,
b. Construction or repair of farm buildings or structures, or
c. Any other activity which is not directly related to the production of crops on improved farm land.

**¶12**        The now-expired A.A.C. R15-5-606[4] excluded activities from the prime contracting tax that were "directly relate[d] to the production of crops on improved farm land." Excluded activities included cultivating, disking, planting, plowing, and seeding. However, activities "not directly related" to the production of crops, such as the installation and repair of drainage or irrigation delivery systems and work on farm buildings and structures, remained taxable under the TPT.

**¶13**        The Department enacted the regulation in 1998 and the legislature defined taxable landscaping activities at § 42-5075 in 2002. *Compare* A.A.C. R15-5-606 *with* 2002 Ariz. Sess. Laws, ch. 307, § 1 (2nd Reg. Sess.).[5] Although A.A.C. R15-5-606 might have created exceptions to normally-taxable landscaping activities, any such exception would be preempted by A.R.S. § 42-5075.J to the extent that the regulation conflicted with the statute. *See Sharpe v. Arizona Health Care Cost Containment System*, 220 Ariz. 488, 499, ¶ 31, 207 P.3d 741, 752 (App. 2009) (holding a regulation invalid that conflicted with an applicable statute); *Ferguson v. Ariz. Dep't of Econ. Sec.*, 122 Ariz. 290, 292, 594 P.2d 544, 546 (App. 1979) (concluding that a regulation "should not be inconsistent with or contrary to the provisions of a statute . . . it seeks to effectuate"). Accordingly, the tax court did not err in ruling that A.A.C. R15-5-606 does not exempt KLP's activities on improved farm land from the TPT.

III.    Estoppel

**¶14**        Finally, KLP argues that the Department should be estopped from obtaining an assessment against KLP. KLP asserts that the Department, as the proponent of the regulations, must exercise its rulemaking authority and correct any regulations that are inconsistent with statutes. KLP further contends that it would not have needed to pay any penalties had the regulation not conflicted with the statutes.

**¶15**        Although KLP did not directly make the argument at either the administrative or tax court hearings, KLP made a good faith effort to

---

[4]        The regulation was amended effective as of December 11, 1998, but expired under A.R.S. § 41-1056.E, effective September 28, 2011. Thus, the regulation was in effect for the time period reviewed in this case.

[5]        The definition of landscaping activities was originally codified at A.R.S. § 42-5075.I in 2002. The definition is now codified at A.R.S. § 42-5075.J.

raise the issue by moving to supplement its summary judgment filings. We therefore address the issue. "Estoppel sounds in *equity* and will therefore not apply to the detriment of the public interest." *Valencia Energy Co. v. Ariz. Dep't of Revenue*, 191 Ariz. 565, 576, ¶ 32, 959 P.2d 1256, 1267 (1998). Taxing authorities are only subject to a taxpayer's equitable estoppel claim in very limited circumstances and when four required elements are present. *Ariz. Joint Venture v. Ariz. Dep't of Revenue*, 205 Ariz. 50, 53, ¶ 16, 66 P.3d 771, 774 (App. 2002) (citing *Valencia Energy Co.*, 191 Ariz. at 576–77, ¶¶ 35–38, 959 P.2d at 1267–68). The four required elements for estoppel are: (1) whether a representative of the Department with authority to act in the area under consideration engaged in an affirmative act inconsistent with the later position that the taxpayer seeks to preclude the Department from asserting; (2) whether the affected taxpayer actually relied on the Department's action and whether this reliance was reasonable under the circumstances; (3) whether the Department's prior action caused the affected taxpayer to change positions in a way not compelled by law and to sustain substantial detriment upon the Department's later repudiation of the action; and (4) whether the proposed application of equitable estoppel against the Department unduly damages the public interest or substantially and adversely affects the exercise of governmental powers. *Id.* at 53–54, ¶¶ 16-18, 66 P.3d at 774–75.

¶16 In this case, KLP cannot establish any of the four elements. First, KLP failed to demonstrate that the Department made an affirmative act inconsistent with the later position that KLP seeks to preclude the Department from asserting. KLP merely argues that the "Department took no action to amend or repeal A.A.C. R15-5-606 despite knowing that taxpayers would rely on it to their detriment." The Department's failure to act is not an affirmative act and therefore cannot establish the first element. Second, KLP failed to demonstrate that relying on the regulation was reasonable under the circumstances. Relying on the regulation was not reasonable simply because KLP may not have been not aware that the statute was enacted after the regulation.

¶17            Third, KLP failed to establish that the Department's action caused KLP to change its position. For example, there is no indication that KLP would have avoided agricultural work if it knew that such work was taxed under A.R.S. § 42-5057.J. Finally, failing to assess these taxes could cause damage to the public interest. "[O]ur tax system relies primarily on the good faith of citizens to [self-report.]" *Valencia Energy Co.*, 191 Ariz. at 576, ¶ 34, 959 P.2d at 1267. The public is harmed when businesses do not self-report or are incorrectly self-reporting.

¶18            Therefore, under these facts, KLP has not established an equitable estoppel claim against the Department, and accordingly, the Department correctly assessed penalties for KLP's misplaced reliance on the regulation.

## CONCLUSION

¶19            For the foregoing reasons, we affirm the judgment of the tax court.



Ruth A. Willingham · Clerk of the Court
FILED: gsh