223 P.2d 817

**GRAVES v. INDUSTRIAL COMMISSION et al.**

No. 5313.

Supreme Court of Arizona.

Decided Nov. 13, 1950.

Wade Church, of Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respondent Industrial Commission, H. S. McCluskey and Robert E. Yount, Phoenix, of counsel.

PHELPS, Justice.

The petitioner Alvin Graves was injured on May 7, 1945 by an accident arising out of and in the course of his employment while working for W. P. Fuller & Company of Phoenix. The matter was promptly reported to the commission by the employer and by Dr. Paul M. Ryerson, attending physician, and on July 3, 1945 the commission allowed accident benefits. Since the injury petitioner and the commission have had the benefit of both medical and technicological advice from more than thirty physicians located in Phoenix and Tucson and Los Angeles, all of whom are reputed to be specialists in their particular field of the medical profession.

Based upon the reports of these experts the commission on March 14, 1949, made its findings and award in the sum of $7,-854.17, all of which had been paid to petitioner at that time, and found that he was no longer suffering from any physical disability arising out of said accident. No appeal was taken from this finding and award. Petitioner, on July 2, 1949, filed a petition and application for readjustment or reopening of his claim without stating any new or additional or previously undiscovered disability attributable to his injury, and on July 13, 1949 the commission denied the petition and affirmed the former award of March 14th. Again no appeal was taken from the findings and order of the commission but a notice of protest was filed and later another petition and application was filed to readjust or reopen the case stating no legal ground therefor and the commission again on October 4th denied such petition and reaffirmed its findings and award of July 13th. Within the period allowed under the rules of procedure petitioner filed his petition and application for rehearing and on November 22, 1949, the commission affirmed its findings and award of October 4, 1949, denying further compensation upon the ground that the petition did not raise any matters that had not been previously considered by it. In due course the matter reached us on certiorari.

The above statement of the case shows that petitioner's position was wholly barren of any legal grounds upon which to rest his claim at the time it reached this court. The commission judicially determined on March 14, 1949 the amount for which the injury was compensable and that no physical disability then existed as the result of such injury. From these findings, and award, no further action was taken. All facts thereby determined are res judicata. The same situation obtains as it relates to the findings and awards of the commission bearing date July 13 and October 4, 1949, respectively. This being true petitioner was limited in his petition and application filed on November 7, 1949 to any new, additional or previously undiscovered disability attributable to his original injury. The petition itself does not even purport to set up any such additional disability nor was there a scintilla

of evidence to support it if it had been alleged in the petition. True Dr. Hartman said that he had always thought there was some pathology in petitioner's back but he had made that statement on several occasions prior to the original findings and award of the commission and certainly this testimony is presumed to have been considered by the commission in its final award and judgment. Dr. Hartman at all times admitted in substance that he could find no evidence to support such a belief. As we have so often held that authorities are not necessary to support such a statement, this court will not disturb the findings and award of the commission either where there is a conflict in the evidence or where there is reasonable evidence to support such findings and award.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.