637 P.2d 1084

Adeline M. ROMAN, Plaintiff-Appellant,

v.

ARIZONA DEPARTMENT OF ECONOM-
IC SECURITY, an agency; Audrie
Keyes, Defendants-Appellees.

No. 1 CA–UB 184.

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 5, 1981.

Deedra Diane Sparling, Community Le-
gal Services, Phoenix, for plaintiff-appel-
lant.

Robert K. Corbin, Atty. Gen. by James A.
Tucker, Asst. Atty. Gen., Phoenix, for de-
fendant-appellee Arizona Dept. of Economic
Security.

## OPINION

FROEB, Presiding Judge.

Appellant Adeline M. Roman filed a claim
for unemployment insurance benefits on
June 3, 1980, to which appellant's former
employer filed a protest. A deputy with
the Department of Economic Security
(DES) ruled that appellant was disqualified
for unemployment compensation because
she had left work voluntarily without good
cause in connection with her work. Appel-
lant then filed a timely appeal of the depu-
ty's determination and a hearing was held
before the Appeal Tribunal of the DES.
The Appeal Tribunal upheld the determina-
tion of the deputy in a written decision
issued September 26, 1980. On October 22,
1980, appellant filed with the Unemploy-
ment Insurance Appeals Board a petition
for review of the Appeal Tribunal decision.
The Appeals Board dismissed the appeal for
lack of jurisdiction because the petition for
review was not timely filed and good cause
was not established for failure to file the

petition within the appropriate time period. Appellant then timely filed an appeal to this court.

The main question in this case is to what extent the Unemployment Insurance Appeals Board may waive an untimely petition for review. Appellant contends that the controlling DES regulation was too narrowly construed by the Board, but that if it were not, it is in conflict with statutory provisions relating to unemployment compensation. Appellant further argues that if these contentions are incorrect, then the regulation denies her due process and equal protection of the law.

A.R.S. § 23–671(C) provides in relevant part:

> [A]n appeal tribunal, after giving reasonable notice and affording all interested parties reasonable opportunity for fair hearing, shall make a decision .... The decision shall become final unless within fifteen days after mailing of the decision any interested party files a written petition for review with the appeals board....

Pursuant to the authority given the Department of Economic Security in A.R.S. § 41–1954(A)(3) to adopt necessary rules and regulations, the Department enacted A.C.R.R. R6–3–1404, which provides in pertinent part:

> B. The submission of any payment, appeal, application, request, notice, objection, petition, report, or other information or document not within the specified statutory or regulatory period shall be considered timely if it is established to the satisfaction of the Department that the delay in submission was due to: Department error or misinformation, delay or other action of the United States Postal Service or its successor, or when the delay in submission was because the individual changed his mailing address at a time when there would have been no reason for him to notify the Department of the address change.
>
> 1. For submission that is not within the statutory or regulatory period to be considered timely, the interested party must submit a written explanation setting forth the circumstances of the delay.
>
> 2. The Director shall designate personnel who are to decide whether an extension of time shall be granted.
>
> 3. No submission shall be considered timely if the delay in filing was unreasonable, as determined by the Department after considering the circumstances in the case.

Appellant contends that this regulation provides a "good cause" exception to the fifteen-day deadline for filing appeals in A.R.S. § 23–671(C), and that her case falls within this exception.

DES contends, on the other hand, that the regulation deals only with issues of due process, and that the reasons which would excuse an untimely request for review are limited to those specifically listed in section B of that regulation. DES asserts that the excuses for delay set out in that regulation—departmental error, postal delay, and change of address—are constitutionally required and would be the law whether or not they were set forth in the rule. The regulation does not, therefore, create a "good cause" exception. For the reasons hereafter set forth, we agree with DES.

The language of A.R.S. § 23–671(C) unambiguously states that the Appeal Tribunal decision shall become final unless within fifteen days an appeal is filed. There is no statutory authority for a "good cause" exception to this rule. Thus, to interpret A.C. R.R. R6–3–1404 as appellant urges would amount to an amendment of the statute contrary to the legislative intent. *Ferguson v. Arizona Department of Economic Security*, 122 Ariz. 290, 594 P.2d 544 (1979).

In support of her contention that the regulation provides a "good cause" exception, appellant argues that the three subparagraphs of section B would be meaningless if interpreted to refer only to postal delay or departmental error because these are objective standards which do not necessitate the exercise of judgment by departmental personnel. We disagree. Subpara-

graphs 1, 2, and 3 of section B merely provide the means of implementing section B of the regulation. It is entirely reasonable to assume that some judgment will be required to determine if a delay in the submission of an appeal or application is in fact due to postal delay or departmental error. For example, if an employee of DES were to erroneously tell the claimant that a request for review must be filed within twenty days after the mailing of the claim status notice, DES would have to inquire into whether the claimant reasonably relied on this information so as to excuse a late filing.

Subparagraph 3 of the regulation is said by the appellant to express the notion that delay in filing may be excused for good cause. We reject this argument, however, since the subparagraph is limited by the provisions of section B which precedes it. Thus interpreted, subparagraph 3 must be read as a restriction upon excuses for late filing recognized in section B. It provides that a claimant who can claim a section B excuse for late filing must nevertheless file within a reasonable time.

Appellant relies upon *Gibson v. Unemployment Insurance Appeals Board*, 9 Cal.3d 494, 108 Cal.Rptr. 1, 509 P.2d 945 (1973), and *Devine v. Employment Security Department*, 26 Wash.App. 778, 614 P.2d 231 (1980) as support for her contention that the appeal period in Arizona should be extended where good cause is shown. These cases, however, do not support her position.

In *Gibson*, the attorney of a claimant for unemployment insurance benefits filed her appeal three days after the expiration of the ten-day period provided by statute. Although the applicable statute and rule provided for an extension of the ten-day period for "good cause," the Appeals Board dismissed the case because it was untimely filed. The California Supreme Court reversed the Appeals Board decision because the Appeals Board had given too narrow an interpretation of the "good cause" exception.

Likewise, in *Devine*, the provision of the Washington Employment Security Act at issue provided that the ten-day appeal deadline could be waived if good cause were shown. RCW 50.32.075. The issue decided in that case was whether the acts of the claimant constituted "good cause" for her failure to file a timely appeal.

In contrast, there is no statutory "good cause" exception in Arizona's unemployment insurance law. Thus, unlike *Gibson* and *Devine*, we are not confronted with the issue of whether appellant's situation constitutes "good cause" for filing an untimely appeal. We do not reach this issue because in Arizona there is no such exception to the fifteen-day appeal deadline in A.R.S. § 23–671(C).

Appellant notes that although no Arizona court has decided the issue of untimely filing of appeals in the unemployment insurance context, the issue of untimely filing in the administration of workmen's compensation claims has been considered. She argues that the reasoning and conclusions in industrial commission cases allowing good cause excuses for late filings should be applied to unemployment compensation cases. We therefore turn to those cases next.

At one time the appellate courts of this state consistently held that a failure to timely file protest after notice of an award in industrial cases caused the findings of the Commission to become res judicata and deprived the Industrial Commission of jurisdiction to further consider the matter. *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969); *Davila v. Industrial Commission*, 98 Ariz. 258, 403 P.2d 812 (1965); *Harris v. Industrial Commission*, 75 Ariz. 71, 251 P.2d 890 (1952); *Graves v. Industrial Commission*, 71 Ariz. 74, 223 P.2d 817 (1950).

In 1964, however, beginning with *Jones v. Industrial Commission*, 96 Ariz. 283, 394 P.2d 213 (1964), the Arizona Supreme Court began to recede from strict adherence to this rule. In *Jones*, the claimant contended

that on the basis of A.R.S. § 23–908(E),[1] the Commission should have excused his failure to file a claim within one year from the date of his injuries. The court opined that this statute "gives the Commission discretion to determine whether it felt the circumstances warranted relieving the applicant herein from his failure to file within one year, . . . ." 96 Ariz. at 287, 394 P.2d at 215.

Then in *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972), the court extended the *Jones* rationale to the situation where the claimant failed to make a timely request for a hearing before the Commission after an adverse notice by the insurance carrier.[2] The court set out the test by which the Commission was to determine if the late filing should be waived: "When the facts appear to warrant relief, . . . and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interest of justice may waive the untimeliness of the filing." 108 Ariz. at 132, 493 P.2d at 915. This extension of discretion to the Commission with respect to untimely requests for hearings was not based upon any statutory provision granting such discretion. The statute relied upon in *Jones* does not provide such authority because that statute limits relief to "the failure on the part of the employee or his physician *to report the accident and injury*. . . ." A.R.S. § 23–908(E) (emphasis added).

In 1980, the legislature amended A.R.S. § 23–947, adding language which specifically prohibits the Commission or any court from excusing a late filing of request for a

hearing except in certain limited situations.[3] Thus, the legislature has expressly repudiated the expansion of discretion granted to the Commission by *Parsons* and the later cases following it, and has returned the law full circle to the position that existed prior to *Parsons*, with certain enumerated exceptions. Therefore, we reject the Industrial Commission analogy urged by appellant in support of her argument.

Finally, appellant argues that A.C.R.R. R6–3–1404, as interpreted by the Unemployment Insurance Appeals Board, violates the due process and equal protection clauses of the United States and Arizona Constitutions.

■ With respect to the due process issue, we agree with DES that the regulation in question serves to preserve rather than deny the due process rights of claimants. The regulation provides exceptions to the fifteen-day deadline when circumstances beyond the claimant's control have prevented the claimant from actually receiving notice of the status of his claim. As DES points out, such exceptions would be constitutionally required whether or not they were written into the regulation. The regulation serves to inform claimants of their constitutional due process rights. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ Appellant next contends that A.C.R.R. R6–3–1404 as interpreted by the Appeals Board violates the equal protection clause because the individual who files an

---

1. A.R.S. § 23–908(E) provides in pertinent part: The commission may relieve the injured person or his dependents from the loss of forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them.

2. At that time, A.R.S. § 23–947 required a request for hearing to be filed within sixty days after notice of a determination by the carrier. This statute did not provide any exceptions to this sixty-day time limit.

3. A.R.S. § 23–947(B) now provides:

The industrial commission or any court shall not excuse a late filing unless any of the following apply:
1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.
2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.
3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

untimely appeal due to the fault of the postal service is preferred over the individual whose late appeal is due to the fault of an attorney. In the present case, appellant contacted an attorney three days after the Appeal Tribunal issued its decision and left all pertinent documents with him. The attorney made no commitment to accept the case but said he would try to look at it. Appellant called him several times but he was unable to talk with her. In the meantime, the fifteen-day period for filing the appeal to the Board passed.

Neither the state nor the federal constitution prohibits all inequality of treatment, so long as the classification is reasonable and not arbitrary or capricious. *Edwards v. Alhambra Elementary School District # 63*, 15 Ariz.App. 293, 488 P.2d 498 (1971). As noted before, the claimant who files an untimely appeal because of department error or because the post office delayed in sending the notice is protected by principles of due process. The appeal period must be extended for the claimant in this situation in order to afford him actual notice and an opportunity to be heard. Those who receive proper notice have an opportunity to be heard by filing a request for review within fifteen days. Consequently, their due process rights are preserved. We find in this situation no unreasonable classification and therefore reject appellant's contention that the rule in question denies appellant equal protection of the law. Whatever the reason may have been for her attorney not acting, appellant was not denied equal protection of the law. Her duty, as with all others, was to file the appeal within the fifteen-day appeal period.

The decision of the Appeals Board is affirmed.

EUBANK and HAIRE, JJ., concur.