750 P.2d 913

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency,**

**and**

**Joan Hoeborn, Appellees.**

**No. 1 CA–UB 513.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 16, 1988.

Salt River Project Agr. Imp. and Power Dist. by Yvonne Hunter Evans, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee Arizona Dept. of Economic Sec.

Pollock & Mote by Theodore D. Mote, Phoenix, for appellee.

OPINION

EUBANK, Judge.

The issue on appeal is whether a petition for review of a Department of Economic Security (DES) Appeal Tribunal decision is timely filed when it is mailed in a timely manner, but to the wrong address.

On June 29, 1985, Appellee Joan Hoeborn was terminated by her employer Salt River Project (SRP). Appellee filed for unemployment insurance benefits with the DES which was later denied. Appellee appealed the DES decision and an Appeal Tribunal hearing was conducted. On June 10, 1986, the Appeal Tribunal reversed and granted appellee unemployment insurance benefits.

Thereafter, SRP mailed a petition for review to the DES Appeals Board. The petition was dated June 18, 1986 and postmarked June 24, 1986. On July 1, 1986, SRP learned that its June 18th petition had been mailed to the wrong address. SRP

had incorrectly addressed the envelope 2070 East McDowell Road, rather than the correct address 207 East McDowell Road. On July 2, 1986, SRP sent a new petition to the DES Appeals Board along with an explanation for the delay. On July 7, 1986, the original petition was returned to SRP marked with the following postal notation: "not deliverable as addressed, unable to forward, return to writer." On the following day, SRP notified the DES Appeals Board that the petition had been returned and delivered copies of the original petition and the postmarked envelope.

On August 5, 1986, the DES Appeals Board dismissed SRP's petition for review, determining that it had not been timely filed. Upon further review, the Appeals Board on October 2, 1986, affirmed its previous decision denying jurisdiction. SRP then timely filed an appeal to this court. We have jurisdiction pursuant to A.R.S. § 41–1993.

A.R.S. § 23–671(C) provides in relevant part:

> [A]n appeal tribunal, after giving reasonable notice and affording all interested parties reasonable opportunity for fair hearing, shall make a decision.... The decision shall become final unless within fifteen days after mailing of the decision any interested party files a written petition for review with the appeals board....

A.R.S. § 41–1954(A)(3) vests the DES with authority to adopt necessary rules and regulations to further the objectives and programs of the department. Pursuant to this authority, the DES enacted A.C.R.R. R6–3–1404(B), which provides specific exceptions to the fifteen day mailing deadline:

> B. The submission of any payment, appeal, application, request, notice, objection, petition, report, or other information or document not within the specified statutory or regulatory period shall be considered timely if it is established to the satisfaction of the Department that the delay in submission was due to: *Department error or misinformation, delay or other action of the United States Postal Service or its successor, or when the delay in submission was because the individual changed his mailing address at a time when there would have been no reason for him to notify the Department of the address change* (emphasis added).

In addition, A.C.R.R. R6–3–1504 provides specific locations where a petition for review may be filed. Thus, only three grounds exist whereby a petition for review filed after fifteen days can be held to have been timely filed, i.e., delay due to Department error or misinformation, delay on the part of the United States Postal Service, or change in a petitioner's mailing address. Since mailing the petition to an incorrect address does not fall within the three grounds specified above, the DES Appeals Board correctly determined that SRP's petition for review was untimely filed.

SRP asserts, however, that the DES regulations establish the postmark date as the sole benchmark for determining whether a party has filed a timely appeal. Consequently, according to SRP, it is irrelevant when the DES receives a petition for review as long as it has been postmarked within the fifteen day statutory period. We disagree.

The Notice of Appeal Rights from the Appeal Tribunal decision of October 2, 1986 correctly summarized the salient terms of A.C.R.R. R6–3–1404 and –1504 as follows:

> A petition for review may be filed in person at any public employment office in the United States or Canada, or by letter to the Arizona Department of Economic Security, Office of Appeals, 207 East McDowell Road, Phoenix, AZ, 85004. If the petition is filed by mail, the postmark date will be the date of the appeal.

SRP's petition was not mailed to the correct address in accordance with the foregoing instruction. Thus, even though SRP acted within the fifteen-day appeal period, its actions did not constitute a timely filing.

Similarly, in *Roman v. Arizona Department of Economic Security*, 130 Ariz. 581, 637 P.2d 1084 (App.1981), this court considered whether a late filing under A.R.S.

§ 23–671(C) and A.C.R.R. R6–3–1404 was timely. In *Roman*, the appellant employee filed a petition for review from an Appeal Tribunal decision which the Appeals Board dismissed for lack of jurisdiction because the petition had not been filed within the fifteen day appeal period prescribed by A.R.S. § 23–671(C). Appellant contended that A.C.R.R. R6–3–1404 provided for a "good cause" exception to the fifteen day filing deadline in addition to the three exceptions specifically listed in section B of that regulation. In addressing this contention, we held:

> The language of A.R.S. § 23–671(C) unambiguously states that the Appeal Tribunal decision shall become final unless within fifteen days an appeal is filed. There is no statutory authority for a "good cause" exception to this rule. Thus, to interpret A.C.R.R. R6–3–1404 as appellant urges would amount to an amendment of the statute contrary to the legislative intent. *Ferguson v. Arizona Department of Economic Security*, 122 Ariz. 290, 594 P.2d 544 (App.1979).

130 Ariz. at 582, 637 P.2d at 1085. *See also Wallis v. Arizona Department of Economic Security*, 126 Ariz. 582, 585, 617 P.2d 534, 537 (App.1980) ("A.R.S. § 23–773(B) provides that the decision of the deputy 'shall become final' unless timely appeal of that decision is taken.... [W]here the statutory prerequisites for finality to a deputy's determination are established, that decision becomes 'final,' unless a timely appeal is perfected.")

Under the statute and regulations cited above, a properly filed petition for review, by mail, certainly implies that the petition be placed in a correctly addressed, stamped envelope and placed in the hands of the United States Postal Service for delivery to the addressee. Our opinion is also supported by similarities with the so-called common law "mail box" or "postal acceptance" rule of contract law, which recognizes that an acceptance of a valid offer becomes effective as soon as the letter of acceptance is deposited in the mail. Never-

theless, "[a]n acceptance sent by mail or otherwise from a distance is not operative when dispatched, unless it is properly addressed and such other precautions taken as are ordinarily observed to insure safe transmission of similar messages." Restatement (Second) of Contracts § 66 at 161 (1981). *See e.g.,* 1 Williston on Contracts § 84 at 275–76 (3d ed. 1957); 1 Corbin on Contracts § 78 at 127–28 (1952). Similarly, under certain Arizona statutes pertaining to notice, "service by registered mail may be ... effective when the letter is registered and deposited in the mails, *properly addressed* with the correct amount of postage." *Goodman v. Jones,* 102 Ariz. 532, 535, 433 P.2d 980, 983 (1967) (emphasis added).

Finally, SRP cites several cases and a precedent decision to support its position. *Columbia Group, Inc. v. Jackson,* 151 Ariz. 76, 725 P.2d 1110 (1986); *Reddell v. Industrial Commission of Arizona,* 111 Ariz. 313, 528 P.2d 1254 (1974); *In the Matter of Mazza,* Precedent Decision No. PD–176 (April 21, 1983). These decisions, however, are distinguishable from the instant case because they do not involve a petition for review sent to a wrong address as a consequence of petitioner error. Therefore, SRP's error in addressing the envelope precipitates our affirmance of the DES Appeals Board decision, since the delay in filing the petition for review was legally inexcusable.

For the foregoing reasons the decision of the Appeals Board denying jurisdiction is affirmed.

FROEB, P.J., and HAIRE, C.J., concur.