108 P.3d 956

John STAPERT, Ph.D., Plaintiff–Appellant,

v.

ARIZONA BOARD OF PSYCHOLOGIST EXAMINERS, an administrative agency of the State of Arizona, Defendant–Appellee.

No. 1 CA–CV 04–0168.

Court of Appeals of Arizona, Division 1, Department C.

March 24, 2005.

As Corrected April 7, 2005.

---

* NOTE: The Honorable GEORGE H. FOSTER, a Judge of Maricopa County Superior Court, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to the Arizona Constitution, Article 6, Section 3, and A.R.S. §§ 12–145 to –147 (2003).

Olson, Jantsch & Bakker, P.A. by Duane A. Olson and Michael D. Wolver, Phoenix, Attorneys for Plaintiff–Appellant.

Terry Goddard, Attorney General by Nancy J. Beck, Assistant Attorney General, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

EHRLICH, Presiding Judge.

¶ 1 John Stapert, Ph.D., appeals from the superior court's order declining to exercise special-action jurisdiction and dismissing his appeal from a disciplinary decision of the Arizona Board of Psychologist Examiners ("Board"). Alternatively, he asks this court to exercise special-action jurisdiction to reverse the Board's and superior court's decisions. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The Board found that Dr. Stapert had committed unprofessional conduct in violation of Arizona Revised Statutes ("A.R.S.") § 38–502(11) (2001) and Arizona Administrative Code ("A.A.C.") R4–26–209 (2000) by supervising an individual with whom he shared a financial interest. Its decision was mailed March 24, 2003.

¶ 3 On April 25, 2003, Dr. Stapert's counsel directed a messenger service to deliver Dr. Stapert's motion for reconsideration to the Board. The courier delivered the motion to the Office of Administrative Hearings, however, rather than to the Board. Consequently, the Board did not receive the motion by the April 28, 2003 deadline and its decision became final. *See* A.R.S. § 41–1092.09(B) (2004) (A motion for rehearing shall be filed within thirty days after service of the administrative decision.); A.R.S. § 41–1092.09(C) (Service is complete five days after the administrative decision is mailed.); A.A.C. R4–26–308(A) (2003).

¶ 4 Upon learning that the motion for reconsideration had not been delivered to the Board, Dr. Stapert's counsel faxed the motion to the Board on May 9, 2003. At its June 6, 2003 meeting, the Board refused to consider the motion because it was untimely.

¶ 5 Dr. Stapert filed a complaint in the superior court for review of the Board's decision and for special-action relief. The Board responded with a motion to dismiss the complaint, alleging that the court lacked jurisdiction because of Dr. Stapert's failure to timely exhaust his administrative remedies. Dr. Stapert replied that the Board had abused its discretion or made an arbitrary and capricious decision when it had refused to accept his motion for reconsideration as timely given the circumstances. The court granted the Board's motion to dismiss and declined to exercise special-action jurisdiction. Dr. Stapert appealed.

1. Section 12–902(B) provides:
 Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the

## DISCUSSION

¶ 6 Dr. Stapert contends that the superior court erred when it dismissed his complaint for lack of jurisdiction. In this regard, he argues that the Board wrongfully concluded that it did not have discretion to waive the timeliness requirement for his motion for reconsideration. In the alternative, Dr. Stapert contends that the court abused its discretion when it declined to exercise special-action jurisdiction to consider the merits of his appeal.

### A. Court's Lack of Jurisdiction

¶ 7 We review de novo the superior court's exercise of jurisdiction and any issue of statutory interpretation. *Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz. 180, 182 ¶¶ 9–10, 33 P.3d 514, 516 (App.2001). The rules for interpreting statutes apply equally to administrative regulations. *See Rice v. Ariz. Dept. of Econ. Sec.*, 183 Ariz. 199, 203, 901 P.2d 1242, 1246 (App. 1995).

¶ 8 If the Board's interpretation of A.R.S. § 41–1092.09(B) and A.A.C. R4–26–308(A) is correct, it had no discretion but to find that Dr. Stapert's motion was untimely. Judicial relief then is indeed barred by A.R.S. § 12–902(B) (2003) [1] because a party's failure to "scrupulously" follow the statutory procedures established for administrative remedies deprives the superior court of jurisdiction to consider the claim for relief. *See Moulton v. Napolitano*, 205 Ariz. 506, 511 ¶ 9, 73 P.3d 637, 642 (App.2003) (citations omitted).

¶ 9 The superior court ruled that it lacked jurisdiction because only the Board's decision regarding the disciplinary action was appealable, not its conclusion that Dr. Stapert's motion for reconsideration was untimely, citing *Guminski*, 201 Ariz. at 183 ¶ 15, 33 P.3d at 517. In *Guminski*, this court held that an

decision. If ... an administrative decision becomes final because of failure to file any document ... within the time allowed by the law, the decision is not subject to judicial review under the provisions of this article....

agency's decision regarding a disciplinary action is appealable. *Id.* If, however, an application for rehearing or review is allowed or required by statute, the disciplinary decision is not final until reconsideration is denied or a "decision on rehearing or review is rendered." A.R.S. § 12–901(2).[2] Specifically excluded from the definition of a "decision" are

> [r]ules, standards or statements of policy of general application issued by an administrative agency to implement, interpret or make specific the legislation enforced or administered by it unless the rule, standard or statement of policy is involved in a proceeding before the agency and its applicability or validity is in issue in the proceeding.

A.R.S. § 12–901(2)(a).

¶ 10 The Board's decision to deny Dr. Stapert's motion for reconsideration was based on its interpretation of the time periods in A.A.C. R4–26–308(A) and A.R.S. § 41–1092.09(B). Dr. Stapert's complaint specifically disputed the Board's interpretation of this rule and statute, namely the Board's conclusion that it lacked discretion to find a good-cause exception to the untimely filing. Therefore, pursuant to A.R.S. § 12–901(2)(a), the Board's denial of Dr. Stapert's motion for reconsideration was an appealable decision. The superior court erred in concluding otherwise. Nonetheless, we affirm the dismissal of the complaint because the law provides no good-cause exception for an untimely filing of a motion for reconsideration. *City of Phoenix v. Geyler,* 144 Ariz. 323, 330, 697 P.2d 1073, 1080 (1985) (We will affirm the judgment "even if the trial court has reached the right result for the wrong reason.").

### B. Board's Discretion

 ¶ 11 The duty to comply with filing requirements is on the individual submitting the pleading. *See In re Appeal in Pima County Juv. Action No. S–933,* 135 Ariz. 278, 279, 660 P.2d 1205, 1206 (1982); *Lone Mountain Ranch, Inc. v. Dillingham Inv., Inc.,*

131 Ariz. 583, 585, 643 P.2d 28, 30 (App.1982). It is undisputed that Dr. Stapert's motion for reconsideration was not filed with the Board within the time allowed by law. What is disputed is whether the Board had discretion to find his motion timely given the circumstances.

¶ 12 Dr. Stapert argues that A.A.C. R4–26–308(A) gives the Board discretion to find a good-cause exception for his failure to meet the statutory deadline for filing his motion for reconsideration. This rule provides that a party may file a motion for rehearing or review of the Board's decision no later than thirty days after service of the decision except as provided in subsection G. Subsection G gives the Board discretion to make a decision final without the opportunity for rehearing or review under certain exigent circumstances, *see also* A.R.S. § 41–1062(B) (2004), but there is no good-cause or excusable-neglect exception to the filing deadline.

¶ 13 This court has specifically rejected the contention that a good-cause exception existed when there was no statutory authority for such an exception in *Salt River Project Agricultural Improvement & Power District v. Arizona Department of Economic Security,* 156 Ariz. 155, 157, 750 P.2d 913, 915 (App. 1988). SRP mailed a petition for review of an agency decision in a timely manner but to the wrong address. This court held that the filing was not timely, and it affirmed the agency's finding that the petition was not timely because the agency had not received the petition within the appeal period. *Id.*

¶ 14 Dr. Stapert relies on *Simms v. Napolitano,* 205 Ariz. 500, 73 P.3d 631 (App.2003). The court held that the Arizona Department of Gaming had implied authority to deny an applicant's request to withdraw his application for gaming certification, *id.* at 501 ¶ 1, 73 P.3d at 632, reasoning that the regulation of gaming activities was an exercise of state police power and that the Department was obligated to "act according to legislative authority as expressed or necessarily implied." *Id.* at 503 ¶¶ 13, 15, 73 P.3d at 634 (quoting

---

2. Section 12–901(2), A.R.S., defines "decision" as:
 any decision, order or determination of an administrative agency that is rendered in a

case, that affects the legal rights, duties or privileges of persons and that terminates the proceeding before the administrative agency.

*Allen v. Industrial Comm'n,* 152 Ariz. 405, 411, 733 P.2d 290, 296 (1987)). It found that the power to deny the withdrawal of an application was necessarily implied from the statutes that mandated "extensive, thorough and fair regulation of Indian gaming." *Id.* at ¶ 16, 733 P.2d 290 (quoting A.R.S. § 5–602(B) (Supp.2000)). *See Ayala v. Hill,* 136 Ariz. 88, 91, 664 P.2d 238, 241 (App.1983) (holding that the inherent power to reconsider an award recognized by the court in *Wammack v. Industrial Commission,* 83 Ariz. 321, 320 P.2d 950 (1958), was derived from a statute that granted the original power to rehear and "not from broader inherent powers vested in the agency"). There is no statute that would similarly necessarily imply that the Board has the authority to create a good-cause exception for an untimely motion for reconsideration.

¶ 15 Dr. Stapert claims that this court's opinion in *Dioguardi v. Superior Court (Arizona · Board of Medical Examiners),* 184 Ariz. 414, 909 P.2d 481 (App.1995), also supports his contention that the Board has discretion to interpret time periods in the administrative rules. Dr. Dioguardi filed a motion for rehearing fifteen days after the final order of the Arizona Board of Medical Examiners. The pertinent administrative rule required the motion to be filed within ten days. The superior court concluded that the motion was untimely and that it therefore lacked jurisdiction under A.R.S. § 12–902(B).

¶ 16 Dr. Dioguardi argued on appeal that, pursuant to A.R.S. § 41–1062(B), the administrative rules had to be drawn "as closely as practicable" to the rule governing motions for new trials, Arizona Rule of Civil Procedure ("Rule") 59. The court agreed and held that the ten-day rule did not follow Rule 59 "as closely as practicable" because Rule 59 allowed fifteen days in which to file a motion for new trial. *Id.* at 418, 909 P.2d at 485. Thus, the court reasoned, a time limit that was one-third less than that allowed under Rule 59 was a substantial departure and invalid. *Id.* It held accordingly that, because

the doctor had filed his motion for rehearing within fifteen days, the motion was timely and the Board was instructed to consider the motion on its merits. *Id.* at 418–19, 909 P.2d at 485–86.

¶ 17 The court in *Dioguardi* did not hold that administrative boards have discretion to rewrite the time limits in the applicable rules. Rather, the opinion and A.R.S. § 41–1062(B) suggest only that a court should interpret an administrative rule regarding a rehearing "as closely as practicable" to Rule 59. Indeed, the resolution in *Dioguardi* supports the Board's decision in this case because, under Rule 59(d), a motion for new trial may not be filed more than fifteen days from the entry of judgment.[3] The superior court had no discretion to expand this filing deadline. *See Title Ins. Co. of Minn. v. Acumen Trading Co., Inc.,* 121 Ariz. 525, 527, 591 P.2d 1302, 1304 (1979); *Foster v. Camelback Mgmt. Co.,* 132 Ariz. 462, 463, 646 P.2d 893, 894 (App.1982).

█ ¶ 18 Dr. Stapert also argues that the Board has the inherent discretion to regulate disciplinary actions pursuant to A.R.S. § 32–2063(A)(2) (2002), but this is a general grant of authority that states nothing about allowing an exception to the time periods provided by statute and administrative rules. The right to appeal from an administrative decision is limited by the terms of the law providing that right. *See Guminski,* 201 Ariz. at 182 ¶ 8, 33 P.3d at 516.

¶ 19 Our conclusion that the Board lacks discretion to add a good-cause exception for untimely motions for review or rehearing is bolstered by the lack of an explicit exception in the rules and statutes. In A.R.S. § 41–1092.03(C) (Supp.2004), the Legislature included a provision allowing an agency to accept an appeal or request for hearing that is not filed in a timely manner when good cause is shown. This indicates that the Legislature did not intend to include a good-cause exception in § 41–1092.09(B) for an untimely motion for review or rehearing.

---

3. We recognize that A.R.S. § 41–1092.09(B) and A.A.C. R4–26–308(A) are not tailored "as closely as practicable" to Rule 59 because both rules allow thirty days in which to file a motion for rehearing or review rather than the fifteen days allowed under Rule 59. However, even with a more generous time limit, Dr. Stapert's filing was untimely.

*See Bigelsen v. Bd. of Med. Examiners,* 175 Ariz. 86, 91, 853 P.2d 1133, 1138 (App.1993) (holding that "[w]here [the] legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read that term into the section from which it was excluded"); *Arizona Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r,* 160 Ariz. 150, 157, 771 P.2d 880, 887 (App.1989) (same).[4]

¶ 20 Dr. Stapert argues that, despite his untimely request for reconsideration, he is entitled to appeal the Board's final decision pursuant to A.R.S. § 32–2081(J) (Supp.2004), which states that, "[e]xcept as provided in [§ 41–1092.08(H)], a person may appeal a final decision made pursuant to this section to the superior court pursuant to [§ 12–901 *et seq.*]." Section 41–1092.08(H) (2004) provides that a party may appeal a final administrative decision pursuant to § 12–901 *et seq.* "except as provided in [§ 41–1092.09(B)]." Section 41–1092.09(B) requires that a party appealing a decision from the Board

> shall exhaust the party's administrative remedies by filing a motion for rehearing or review within thirty days after the service of the administrative decision that is subject to rehearing or review in order to be eligible for judicial review pursuant to [§ 12–901 *et seq.*]. The board shall notify the parties in the administrative decision that is subject to rehearing or review that a failure to file a motion for rehearing or review within thirty days after service of the decision has the effect of prohibiting the parties from seeking judicial review of the board's decision.

Thus, following the language of § 32–2081(J) and the statutes to which it refers, Dr. Stapert is prohibited from seeking judicial review because he failed to file his motion in a timely manner after service of the Board's decision.

### C. Special–Action Jurisdiction

■ ¶ 21 Dr. Stapert argues that the superior court erred when it dismissed his petition for special action. A court's decision to decline or accept special-action jurisdiction is discretionary. *See State ex rel. Romley v. Fields,* 201 Ariz. 321, 323 ¶ 4, 35 P.3d 82, 84 (App.2001). Such jurisdiction is reserved for "extraordinary circumstances" and is not available "where there is an equally plain, speedy, and adequate remedy by appeal." *Id.;* Ariz. R.P. Spec. Act. 1(a).

■ ¶ 22 On appeal from a superior court's ruling on a petition for special action, we conduct a bifurcated review. *Files v. Bernal,* 200 Ariz. 64, 65 ¶ 2, 22 P.3d 57, 58 (App.2001). First we determine whether the superior court accepted special-action jurisdiction. *Id.; see also Hamilton v. Municipal Court of Mesa,* 163 Ariz. 374, 377, 788 P.2d 107, 110 (App.1989). If it did, we review the decision on the merits. *Hamilton,* 163 Ariz. at 377, 788 P.2d at 110. If it did not, we determine whether the court abused its discretion. *Files,* 200 Ariz. at 65 ¶ 2, 22 P.3d at 58.

¶ 23 In his special-action petition, Dr. Stapert contended that he had no equally plain, speedy or adequate remedy by appeal. The superior court declined to accept jurisdiction.

¶ 24 We agree with the superior court's action. An adequate remedy by appeal was available had Dr. Stapert exhausted his administrative remedies. Having failed to do so, however, he is not entitled to present these issues through a special action. *See State ex rel. Neely v. Rodriguez,* 165 Ariz. 74, 76, 796 P.2d 876, 878 (1990).

¶ 25 The Board correctly determined that it did not have authority to accept Dr. Stapert's untimely motion for reconsideration. The superior court then properly dismissed

---

4. Dr. Stapert cites *Wammack,* 83 Ariz. 321, 320 P.2d 950, as authority for his claim that the Board has the implied authority to accept his untimely motion for rehearing. He also cites other Industrial Commission cases in which the Commission accepted a late filing as a matter of its discretion. *See Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *In re Trull v. Industrial Comm'n,* 21 Ariz.App. 511, 520 P.2d

1188 (1974). The Arizona Legislature responded to these cases by enacting A.R.S. § 23–947(B) (Supp.2004), which permits a late filing only in three specifically enumerated circumstances. This underscores our opinion that a specific statutory allowance for excusing a late filing is necessary. *See Arizona Bd. of Regents,* 160 Ariz. at 157, 771 P.2d at 887.

his appeal, which was untimely because his motion for reconsideration was untimely. Finally, Dr. Stapert's failure to properly exhaust his administrative remedies did not entitle him to raise these issues by special action. We therefore affirm.

CONCURRING: LAWRENCE F. WINTHROP, Judge and GEORGE H. FOSTER, Judge Pro Tempore.*