NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LOMA MARIPOSA II, L.P., an Arizona limited partnership,
*Plaintiff/Appellee,*

*v.*

SANTA CRUZ COUNTY a political subdivision of the State
of Arizona, *Defendant/Appellant.*

No. 1 CA-TX 15-0007
FILED 11-22-2016

Appeal from the Arizona Tax Court
No. TX2013-000605
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Buchalter Nemer PC, Scottsdale
By Douglas S. John, Shaun T. Kuter
*Counsel for Plaintiff/Appellee*

Helm Livesay & Worthington Ltd., Tempe
By Roberta S. Livesay
*Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

**¶1**          Santa Cruz County ("County") appeals from the tax court's grant of summary judgment in favor of Loma Mariposa II, L.P. ("Taxpayer"). We agree with the tax court that the County consented to the error alleged in Taxpayer's Notice of Claim ("Claim"). Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          Taxpayer owns an apartment complex in Nogales, Arizona ("Property"), that is operated pursuant to the Federal Low Income Housing Tax Credit ("LIHTC") program.[1] *See* 26 U.S.C. § 42 (West 2013).[2] Pursuant to that program, the Property is subject to legal restrictions set forth in a recorded Land Use Restriction Agreement ("LURA").[3]

**¶3**          Taxpayer challenged its property taxes for tax years 2009 through 2012 by filing a Claim with the County Assessor ("Assessor") pursuant to Arizona Revised Statutes ("A.R.S.") section 42-16254 (Supp.

---

[1]      The LIHTC program "aims to provide an incentive for the construction and rehabilitation of affordable housing by allowing owners of qualified rental properties to claim tax credits annually over a ten-year period." Sagit Leviner, *Affordable Housing and the Role of the Low Income Housing Tax Credit Program: A Contemporary Assessment*, 57 Tax Law 869, 870 (2004).

[2]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[3]      In this case, the LURA requires that eighty units be occupied by households whose income is sixty percent or less of the area median gross income and that rents conform to "low income" standards established by the federal and state government. These restrictions last for thirty years and run with the Property.

2013). Taxpayer's Claim asserted the Assessor had committed an "error in failing to account for the legal restrictions on the Subject Property."

**¶4**        Pursuant to A.R.S. § 42-16254(C), the Assessor had sixty days to provide a written response to the Claim, either consenting to or disputing the error. *See* A.R.S. § 42-16254(C). Although the Assessor prepared a written response, he mistakenly mailed it to the wrong address, and Taxpayer did not receive the response until after the sixty-day period had expired.

**¶5**        Taxpayer then sent a written demand to the Assessor and the County Board of Supervisors pointing out that "[a] failure to file a written response within sixty days constitutes consent to the error" and asking them to direct the County Treasurer to correct the tax roll pursuant to A.R.S. § 42-16254(C). *See id.* The tax roll was not corrected.

**¶6**        After exhausting its administrative remedies, Taxpayer filed a complaint in tax court. The parties filed cross-motions for summary judgment. The tax court granted Taxpayer's motion and denied the County's motion, concluding that "A.R.S. § 42-16254(C) is self-executing: the failure to file a written response to the taxpayer within sixty days constitutes consent to the error."

**¶7**        After entry of final judgment, the County timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2016) and 12-170(C) (2016).[4]

## DISCUSSION

**¶8**        This Court reviews the tax court's grant of summary judgment de novo. *See Walgreen Ariz. Drug Co. v. Ariz. Dep't of Revenue*, 209 Ariz. 71, 72, ¶ 6 (App. 2004). If the material facts are undisputed, we must determine "whether the tax court correctly applied the substantive law to

---

[4]        Taxpayer challenged the valuation of its property for tax year 2013, not as an error correction but rather pursuant to A.R.S. § 42-16201(B) (2006). *See Loma Mariposa II, L.P. v. Santa Cruz County*, TX 2012-000433 (filed Sept. 19, 2012). After a bench trial, the tax court entered judgment in favor of the County, and Taxpayer appealed. *See id.*; *Loma Mariposa II LP v. Stanta Cruz County*, CA-TX 16-0002 (appeal docketed April 28, 2016). Upon stipulation of the parties, this Court stayed that appeal pending a final decision in this case. *See* Order Staying Appeal at 1, *Loma Mariposa II LP v. Stanta Cruz County*, CA-TX 16-0002 (entered July 14, 2016).

those facts." *Id.* In so doing, we review issues of statutory interpretation de novo. *See id.*

¶9          Taxpayer argues the Assessor failed to timely respond to the Claim and therefore consented to the error. The tax court agreed. However, the County argues Taxpayer: (1) waived any defect in the County's administration of A.R.S. § 42-16254(C), and (2) did not suffer any deprivation of due process rights. The relevant statute, A.R.S. § 42-16254(C), provides:

> Within sixty days after receiving a notice of claim, the tax officer may file a written response to the taxpayer to either consent to or dispute the error and to state the grounds for disputing the error. *A failure to file a written response within sixty days constitutes consent to the error*, and the board of supervisors shall direct the county treasurer to correct the tax roll on the taxpayer's written demand supported by proof of the date of the notice of claim and the tax officer's failure to timely dispute the error.

A.R.S. § 42-16254(C) (emphasis added). This Court "will not venture outside the language of an unambiguous statute to explore whether it might be construed to provide something different from the meaning that clearly appears on its face." *Paging Network of Ariz., Inc. v. Ariz. Dep't of Revenue*, 193 Ariz. 96, 98, ¶ 13 (App. 1998).

¶10          An administrative pleading mailed within the statutory time period to the wrong address is not timely filed. *See Salt River Project Agric. Improvement & Power Dist. v. Ariz. Dep't of Econ. Sec.* ("*SRP*"), 156 Ariz. 155, 157 (App. 1988). In *SRP*, plaintiff mistakenly mailed a petition for review to the wrong address. *Id*. at 155–56. This Court held that "even though [plaintiff] acted within the fifteen-day appeal period, its actions did not constitute a timely filing." *Id.* at 156; *see also Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, 182-83, ¶ 25 (App. 2005) (holding that a plaintiff's motion for reconsideration, delivered by messenger service to the wrong agency, was untimely).

¶11          Like the plaintiff in *SRP*, the Assessor here admittedly mailed his response to the wrong address. Thus, although the response was mailed within the statutory time period, it was not timely filed. Accordingly,

pursuant to the plain language of § 42-16254, the Assessor consented to the error alleged in Taxpayer's Claim.[5]

## I.    Waiver

**¶12**        The County argues that Taxpayer waived any defect in the County's administration of A.R.S. § 42-16254(C) by appealing from the Assessor's decision on its Claim to the County Board of Equalization. "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980).

**¶13**        Taxpayer's actions do not indicate waiver. After receiving no response from the Assessor within the sixty-day statutory period, Taxpayer sent a letter to the Assessor and the Board of Supervisors demanding they direct the County Treasurer to correct the tax roll pursuant to A.R.S. § 42-16254(C). *See* A.R.S. § 42-16254(C) (providing "the board of supervisors *shall* direct the county treasurer to correct the tax roll on the taxpayer's written demand supported by proof of the date of the notice of claim and the tax officer's failure to timely dispute the error.") (emphasis added). However, after receiving the Assessor's late response to its Claim, Taxpayer pursued review before the Board of Equalization and the tax court pursuant to A.R.S. § 42-16254(F)-(G), and expressly argued consent in both proceedings. Taxpayer's actions in no way convey an express, voluntary, and intentional relinquishment of its right to challenge the County's

---

[5]        Courts apply filing deadlines strictly in tax cases. *See Ringier Am. v. State Dep't of Revenue*, 184 Ariz. 250, 254 (App. 1995) ("We therefore hold that the tax court correctly held that [taxpayer's] failure to timely pursue the appropriate appellate procedures required dismissal of its action."); *see also Pesqueira v. Pima Cty. Assessor*, 133 Ariz. 255, 257 (App. 1982) ("The filing deadline . . . is a jurisdictional condition.").

administration of A.R.S. § 42-16254(C). Accordingly, the County's waiver argument fails.[6]

## II. Due Process

**¶14** Next, the County argues the tax court erred "in failing to consider whether Plaintiff suffered any deprivation of due process rights." It contends that "[w]hen the Assessor provided and [Taxpayer] received a second response to its [Claim], and [Taxpayer] attended the subsequent hearing, it obtained all the benefits of due process."

**¶15** The fact that Taxpayer received a hearing before the Board of Equalization does not alter the legal conclusion that the County consented to the error by failing to file a timely written response to Taxpayer's Claim as required by the statute. Accordingly, the County's due process argument fails.

## III. Excusable Neglect

**¶16** Finally, the County argues its mailing mistake "was purely one of excusable neglect." Arizona, however, does not recognize a "good-cause exception" for administrative filings absent explicit statutory authority. *See Stapert*, 210 Ariz. at 180, ¶ 10.

**¶17** In *Stapert*, a messenger service delivered plaintiff's motion for reconsideration to the wrong agency. *See id.* at 179, ¶ 3. The Arizona Board

---

[6] The County also cites to *Hormel v. Maricopa County*, 224 Ariz. 454, 459, ¶¶ 21-22 (App. 2010). The County contends *Hormel* supports its argument that if an agreement was reached on the dispute, the County had an unconditional obligation to issue the refund and if it failed to do so, the appropriate remedy was for the taxpayer to take the matter to the Board to review the merits. The County claims that given that remedy, Taxpayer had the duty to prove its claim on the merits. We disagree. *Hormel* involved a meeting between the taxing authority and the taxpayer under A.R.S. § 42-16254(D)-(F), which provides that when the taxing authority disputes the error, a meeting is held and the parties can agree to a full or partial resolution of the dispute. At that point, the taxpayer can file a petition with the board on any remaining dispute. A.R.S. § 42-16254(F). Here, the County's consent occurred under § 42-16254(C), dealing with failure of the County to timely object to the claim. Moreover, the fact Taxpayer sought judicial relief while also asking the Board to determine whether there was a consent or to decide the merits of the claim does not mean that Taxpayer's only remedy is to then prove the error itself rather than rely on consent.

of Psychologist Examiners refused the motion finding it was untimely filed. *See id.* at 180, ¶ 10. In upholding that decision, this Court noted it was "undisputed that Dr. Stapert's motion for reconsideration was not filed with the Board within the time allowed by law" and concluded "[t]his court has specifically rejected the contention that a good-cause exception existed when there was no statutory authority for such an exception." *Id.* at 180, ¶¶ 11, 13 (citing *SRP*, 156 Ariz. at 157). Accordingly, the County's argument that the Assessor's failure to timely respond was the result of excusable neglect also fails.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm the decision of the tax court. In the exercise of our discretion, we grant Taxpayer's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12–348(B) (Supp. 2013), subject to the limitation imposed by § 12–348(E)(5). Taxpayer is also entitled to costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341 (2016); ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA