NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LOMA MARIPOSA LIMITED PARTNERSHIP, *Plaintiff/Appellee*,

*v.*

SANTA CRUZ COUNTY, *Defendant/Appellant*.

No. 1 CA-TX 17-0001
FILED 12-28-2017

Appeal from the Superior Court in Maricopa County
No. TX2013-000606
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Buchalter, PC, Scottsdale
By Douglas S. John, Shaun T. Kuter
*Counsel for Plaintiff/Appellee*

Helm, Livesay, Worthington, Ltd., Tempe
By Roberta S. Livesay, Joshua W. Carden
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

¶1 Santa Cruz County appeals the tax court's summary judgment in favor of Loma Mariposa, L.P. ("Taxpayer") on Taxpayer's error correction claim. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Taxpayer owns an apartment complex in Nogales, Arizona ("the Property") that is operated pursuant to the Federal Low Income Housing Tax Credit ("LIHTC") program. *See* 26 U.S.C. § 42 (providing tax incentives to low income housing investors).[1] Because of its LIHTC status, the Property is subject to state and federal restrictions that affect its value.

¶3 In 2012, Taxpayer filed a notice of claim ("the Claim") with the Santa Cruz County Assessor, asserting the Assessor had failed to consider those legal restrictions in assessing the Property for tax years 2009 through 2012. *See* Ariz. Rev. Stat. ("A.R.S.") § 42-16254(A)(1). Taxpayer's attorney, Douglas John, prepared the Claim using a form developed by the Arizona Department of Revenue ("the Department") and found on the County's website. *See* A.R.S. § 42-16254(B)(1). He completed the address portion of the form as follows:

| 4A. OWNER'S NAME AND ADDRESS AS SHOWN ON TAX ROLL: Loma Mariposa LP c/o First American Com'l RE Service PO Box 167928 Irving TX 75016 | 4B. MAIL DECISION TO: Douglas S. John c/o Frazer Ryan 3101 N. Central Avenue, Suite 1600 Phoenix, Arizona 85012-2615 |
| --- | --- |

(Emphasis added.)

¶4 The Claim reflected that Douglas John from the law firm of Frazer Ryan Goldberg & Arnold ("Frazer Ryan") completed the form and signed it as a representative of the Property owner. The Claim attached a letter detailing the basis of Taxpayer's claim, written on Frazer Ryan letterhead and signed by John.

¶5 Pursuant to A.R.S. § 42-16254(C), the Assessor had sixty days to provide a written response to the Claim, either agreeing with Taxpayer's

---

[1] We cite the current version of all applicable statutes because no revisions material to this decision have since occurred.

position—thus providing "consent to the error"—or disputing the alleged error. Although the Assessor mailed his response within sixty days, he did not mail it to John at the law firm address indicated in Section 4B of the Claim. Instead, the Assessor mailed his response to the Irving, Texas address listed in Section 4A.[2] Because Taxpayer no longer used the Irving address, neither Taxpayer nor its attorney received the Assessor's response.

¶6        After the Assessor's statutory time to respond had run, Taxpayer wrote the Assessor and the County Board of Supervisors, pointing out "[a] failure to file a written response within sixty days constitutes consent to the error," and demanding the Board of Supervisors direct the County Treasurer to correct the tax roll pursuant to § 42-16254(C). The Treasurer did not correct the roll; instead, the Assessor provided Taxpayer's attorney with a copy of the Assessor's response denying the Claim.

¶7        After an unsuccessful administrative appeal, Taxpayer filed a complaint in tax court pursuant to § 42-16254(G). The parties filed cross-motions for summary judgment. The tax court granted Taxpayer's motion and denied the County's, concluding the Assessor had consented to the Claim by mailing his response to the wrong address.

¶8        The County timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-170(C).

## ANALYSIS

¶9        We review the tax court's grant of summary judgment *de novo*. *See Wilderness World, Inc. v. Dep't of Revenue*, 182 Ariz. 196, 198 (1995). We can affirm the judgment on any basis supported by the record.[3]  *See Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006).

---

[2]        Taxpayer asserts that at some time before the Assessor mailed his decision, Taxpayer's address on the tax roll had been changed to reflect a Fort Worth, Texas address. The County does not dispute this fact. Both the Irving and Fort Worth addresses belong to companies that process tax bills and make tax payments on behalf of lenders.

[3]        In *Loma Mariposa II, L.P. v. Santa Cruz County ("Loma Mariposa II")*, 1 CA-TX 15-0007, 2016 WL 6871421 (Ariz. App. Nov. 22, 2016) (mem. decision), this court addressed a related case involving a different taxpayer. In that case, the Assessor admitted his response was sent to the wrong

  *I.*  *Consent Under § 42-16254(C)*

**¶10**  The County argues the tax court erred in granting Taxpayer's motion for summary judgment because "the evidence on which it is based creates a genuine issue of material fact." (Emphasis and capitalization omitted.)

**¶11**  We begin with the language of § 42-16254(C), which provides in relevant part:

> Within sixty days after receiving a notice of claim, the tax officer may file a written response to the taxpayer to either consent to or dispute the error and to state the grounds for disputing the error. *A failure to file a written response within sixty days constitutes consent to the error . . . .*

(Emphasis added.)

**¶12**  This court has previously held that an administrative response mailed within the statutory time period but sent to the wrong address is not timely filed. *See Salt River Project Agric. Improvement & Power Dist. v. Ariz. Dep't of Econ. Sec. ("SRP")*, 156 Ariz. 155, 157 (App. 1988). In *SRP*, the plaintiff mailed its petition for review to the wrong address. *Id.* at 155. This court held that "even though SRP acted within the fifteen-day appeal period, its actions did not constitute a timely filing."[4] *Id.* at 156. Here, we must decide whether the Assessor mailed his response to the proper address.

**¶13**  The County argues the Assessor complied with § 42-16254 by sending his response to the address provided in Section 4A of the Claim form, which was Taxpayer's address on the tax roll from 2009 through part

---

address, and this court affirmed summary judgment in favor of the taxpayer. *Id.* at \*2, \*4, ¶¶ 11, 18. Although the facts of this case are slightly different, much of the reasoning from our decision in *Loma Mariposa II* applies here.

[4] Courts strictly apply filing deadlines in tax cases. *See, e.g., Ringier Am. v. State Dep't of Revenue*, 184 Ariz. 250, 254 (App. 1995) ("We therefore hold that the tax court correctly held that [the taxpayer's] failure to timely pursue the appropriate appellate procedures required dismissal of its action."); *Pesqueira v. Pima Cty. Assessor*, 133 Ariz. 255, 257 (App. 1982) ("The filing deadline [] is a jurisdictional condition." (citation omitted)). The enforcement of deadlines applies to taxpayers and taxing authorities alike.

of 2012. In so arguing, the County would have this court disregard the explicit direction in Section 4B of the Claim form that Taxpayer provide the Assessor a "mail decision to" address. The County's argument is at irreconcilable odds with the very form that the government created and that taxpayers are required to use in filing a notice of claim. Simply stated, there would be no purpose for the "mail decision to" box on the form if that was not the address to which the Assessor was to mail his decision.

¶14 As noted, § 42-16254(B)(1) requires taxpayers to file their notice of claim "in a form prescribed by the [D]epartment." In compliance with § 42-16254, Taxpayer used the Department's form, which is available on the Assessor's website. That form instructs a taxpayer to provide an address to which the Assessor can "mail [his] decision." As directed, Taxpayer inserted the name and address of its attorney in Section 4B. The Assessor, however, disregarded both the address in Section 4B and the fact that Taxpayer was represented by an attorney. Instead, the Assessor mailed his response to the address provided in Section 4A.[5]

¶15 Our supreme court has held "that an agency must follow its own rules and regulations; to do otherwise is unlawful." *Clay v. Ariz. Interscholastic Ass'n*, 161 Ariz. 474, 476 (1989) (citations omitted). That reasoning applies here. The Department developed a form that taxpayers must use in filing a notice of claim. *See* A.R.S. § 42-16254(B)(1). The Assessor provided this form to taxpayers on his website. Having induced taxpayers to rely on this form, the Department and the Assessor must abide by the form's instructions and mail the response to the address set forth in Section 4B.

¶16 Here, because the Assessor mailed his response to the wrong address, neither Taxpayer nor its attorney received the response. Therefore, although the Assessor mailed his response within the sixty-day period, it was not timely as a matter of law and, pursuant to § 42-16254(C), the Assessor consented to the error alleged by Taxpayer. Finding no genuine

---

[5] The tax court concluded that because Taxpayer did not designate John as its agent pursuant to A.R.S. § 42-16001, the Assessor was not required to mail his response to John. We respectfully disagree. Under Arizona law, "a lawyer is the agent of his or her client." *Cahn v. Fisher*, 167 Ariz. 219, 221 (App. 1990) (citation omitted). Here, it was apparent from the Claim form and the attached correspondence that Taxpayer was represented by an attorney. As such, it was clear that John was acting as Taxpayer's agent.

issue of disputed fact, we affirm the tax court's entry of summary judgment in favor of Taxpayer.[6]

*II.    The Merits*

**¶17**        The County raises several contentions relating to the merits of Taxpayer's claim; however, our resolution of the statutory consent issue renders these issues moot.  Accordingly, we decline to address them.

**CONCLUSION**

**¶18**        For the foregoing reasons, we affirm the entry of summary judgment.  Taxpayer requests attorneys' fees on appeal pursuant to A.R.S. § 12-348, which authorizes an award of fees to a party "that prevails by an adjudication on the merits in an action brought by the party" against a county challenging the assessment of taxes.  A.R.S. § 12-348(B)(1).  In the exercise of our discretion, we decline to award fees for the same reasons that the tax court denied Taxpayer's request for fees.[7]  We award Taxpayer its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[6]        If Taxpayer or its attorney had received the Assessor's response within the sixty-day period, a different result might ensue.

[7]        In denying fees to Taxpayer, the tax court explained that the law firm representing Taxpayer had "represented several taxpayers before the Tax Court in essentially identical litigation against Santa Cruz County."  The court explained that "the additional effort required to litigate the later cases was negligible, amounting to little more than changing the caption on the pleadings and motions."  The same reasoning applies on appeal.  The answering brief contained many of the same arguments set forth in the answering brief in *Loma Mariposa II*, wherein the taxpayer was represented by the same lawyers.  This court awarded fees to the taxpayer in *Loma Mariposa II*.  *See* 1 CA-TX 15-0007, 2016 WL 6871421, at *4, ¶ 18.